CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 17 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAMLA DARLENE FOLEY, ) | |
| ) | Civil Action No. 7:15CV00438 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Pamla Darlene Foley, was born on December 22, 1959. Mrs. Foley completed the eleventh grade in school. She has been employed as an assembly line worker, food service worker, and warehouse worker. Apparently, she last worked on a regular and sustained basis in 2009. On February 6, 2012, Mrs. Foley filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on July 9, 2009 due to carpal tunnel; hemlock disease; depression; knee and elbow pain; and sleep apnea. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Foley met the insured status requirements of the Act through the second

quarter of 2013, but not thereafter. See, gen., 42 U.S.C. § 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that became disabled for all forms of substantial gainful employment on or before June 30, 2013. See gen., 42 U.S.C. § 423(a).

Mrs. Foley's application for benefits was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 7, 2014, the Law Judge also determined that plaintiff was not disabled at any time prior to termination of insured status. The Law Judge determined that Mrs. Foley suffered from several severe impairments, including hypertension; carpal tunnel syndrome (status post release on the left); asthma; and obesity. (TR 12). Despite such severe impairments, the Law Judge found that plaintiff retained sufficient functional capacity to perform a limited range of light and sedentary work activities. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b). She can lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can frequently knee or crouch. She can frequently use her left arm to reach. She should avoid concentrated exposure to unprotected heights, dangerous equipment, dusts, chemicals, and fumes.

(TR 14). The Law Judge ruled that plaintiff was disabled for all of her past relevant work roles. (TR 18). However, given Mrs. Foley's residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that, at all relevant times prior to the termination of insured status, Mrs. Foley possessed the capacity to perform several specific work roles existing in significant number in the national

2

economy. (TR 18). Accordingly, the Law Judge ultimately concluded that Mrs. Foley was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The medical record confirms that Mrs. Foley suffers from poorly controlled hypertension, asthma, obesity, and history of carpal tunnel syndrome, primarily in the left upper extremity. While plaintiff's asthma necessitates avoidance of respiratory irritants, plaintiff's most vocationally relevant impairment consists of carpal tunnel/impaction syndrome and related symptomatology. Mrs. Foley underwent surgery on her left wrist on July 25, 2012. Based on the medical reports developed thereafter, primarily from her surgeon, Dr. Cay Mierisch, it seems that Mrs. Foley enjoyed a good surgical result, and that she experienced improvement in her pain and functional ability. (TR 461). Clearly, the medical evidence supports the Commissioner's determination that Mrs. Foley was not disabled following the surgical procedure.

3

The difficulty in this case concerns the period prior to the surgery. Mrs. Foley underwent a physical disability evaluation by Dr. Sung-Joon Cho on June 4, 2011, several weeks prior to the surgery. The Law Judge summarized Dr. Cho's findings as follows:

> Dr. Cho noted that the claimant had no limitations in standing or sitting, and noted that she could lift 20 pounds occasionally and 10 pounds frequently. He also opined that she could reach frequently, and handle, finger, and feel occasionally (Exhibit 3F). This assessment is generally consistent and has been given significant weight, however, the limitations in handling, fingering, and feeling are not consistent with the record considering the claimant's surgery after this exam.

(TR 17). In his functional assessment, Dr. Cho specifically stated that, as to plaintiff's manipulative activities, he "would limit handling, finger and feeling to occasionally, reaching to frequently secondary to carpal tunnel." (TR 277).

As previously noted, given her finding of disability for past relevant work, the Administrative Law Judge relied on testimony from a vocational expert in assessing plaintiff's capacity for alternate work activity. At the time of the administrative hearing on March 27, 2014, the Law Judge propounded the following hypothetical question to the vocational expert:

> Assuming a hypothetical individual of the claimant's age, education and past relevant experience. Who could lift and carry no more than 20 pounds occasionally, 10 pound[s] frequently; stand and walk no more than 6 hours in an 8 hour day; sit no more than 6 hours in an 8 hour day. Would be limited to the following: Occasional pushing and pulling with the left hand, left upper extremity. Occasional climbing stairs and ramps, crawling. Never climbing ladders, scaffolds, ropes. Could frequently kneel and crouch. Could frequently use her left arm in reaching. Would have to avoid concentrated exposure to unprotected heights, dangerous equipment, dust, gasses and fumes.

(TR 43). In response, the vocational expert testified that such a person could do work as an assembler, packer, and inspector/tester. (TR 44). However, when asked by plaintiff's attorney to also assume that the hypothetical individual is limited to occasional fingering and handling, the vocational expert testified that the jobs he had identified would no longer be available. (TR 45).

4

As set forth above, in her opinion, the Law Judge discounted the manipulative limitations noted by Dr. Cho, with the observation that Mrs. Foley had undergone corrective surgery shortly after Dr. Cho's examination. (TR 17). In her memorandum in support of her motion for summary judgment, the Commissioner makes the same argument. Def.'s Br. Supp. Mot. Summ. J. 7-8. However, the court does not believe that the evidence supports the Law Judge's decision not to credit Dr. Cho's findings as to plaintiff's manipulative capacity for the period prior to the surgery. This is especially true, given that the Law Judge determined to accord "significant weight" to Dr. Cho's assessment. (TR 17).

The simple fact is that Dr. Cho is the only physician who has actually examined plaintiff, and offered input as to the functional limitations caused by Mrs. Foley's carpal tunnel syndrome. Under the administrative regulations, it is provided that, generally, greater weight should be given to the opinion of a medical source who has actually examined the claimant. See 20 C.F.R. § 404.1527(c)(1). Furthermore, the court believes that Dr. Cho's observations are fully consistent with the physical findings of Dr. Mierisch. While Dr. Mierisch, and his physician's assistant, characterized Mrs. Foley's condition as "left wrist ulna impaction syndrome" (TR 399), it was determined that plaintiff experienced objective physical findings consistent with her complaints of pain in her left upper extremity. (TR 398). The bottom line is that Dr. Mierisch considered plaintiff's medical condition, physical limitations, and subjective discomfort to be such as to justify the surgical procedure. Thus, contrary to the Law Judge's finding, the court considers Dr. Mierisch's report to be consistent with the functional assessment provided by Dr. Cho.

In short, the court believes that there is an unaddressed question in Mrs. Foley's case as to plaintiff's possible entitlement to a closed period of disability, from some time after her alleged

disability onset through the time of her recuperation following her surgical procedure. Inasmuch as this determination involves resolution of factual questions, the court believes that there is "good cause" for remand of the case to the Commissioner for additional proceedings. See Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011). In passing, the court notes that while it seems that Mrs. Foley was disabled at the time of Dr. Cho's functional assessment, at least based on the testimony of the vocational expert, there is still a remaining question as to whether plaintiff suffered from a disability of requisite duration. In this context, the court notes that in his initial office note prior to plaintiff's surgical procedure, Dr. Mierisch reported that plaintiff's "pain began several months ago." (TR 379). On the other hand, Mrs. Foley's testimony, as well as the reports filed by plaintiff during the application process, indicate that her wrist problems have persisted for a much longer period of time. The court believes that resolution of such factual issues is best left to the Commissioner on remand.

For the reasons stated, the court concludes that there is "good cause" for remand of this case to the Commissioner for further development and consideration. If the Commissioner is unable to decide the issue of entitlement to a closed period of disability in plaintiff's favor on the basis of the existing record, the Commissioner will, upon request, conduct a supplemental administrative hearing. Upon remand, both sides will be allowed to present additional evidence and argument. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED this 17th day of June, 2016.

/s/ Glen Conrad
Chief United States District Judge